# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3291 | **DATE** | 7/9/2010 |
| **CASE TITLE** | U.S. ex rel. Flynard Miller (R-25894) v. Hardy | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to proceed *in forma pauperis* [3] is denied without prejudice. Petitioner's motion for stay in abeyance [4] is denied. Petitioner's habeas petition [1] is dismissed without prejudice. Petitioner may file a motion for reinstatement within 30 days after the termination of proceedings in the Illinois state courts relating to Petitioner's second/successive petition for post-conviction relief. Petitioner is admonished that if he fails to file a second/successive petition for post-conviction relief, he must timely seek reinstatement of this case before the running of the statute of limitations.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Petitioner, Flynard Miller, brings this writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner seeks leave to proceed *in forma pauperis*. However, his motion is not on the Court's form and fails to provide the information needed to determine his ability/inability to pay the required filing fee. Accordingly, his motion is denied without prejudice.

Petitioner further seeks to stay the present habeas petition, indicating that he is planning to file a second state-court habeas petition.

An inmate who seeks to challenge a state conviction under 28 U.S.C. §2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).

Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period tolls while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. ..." In order to toll the statute of limitations, a post-conviction petition must be "properly filed," which means it must comply with formal filing requirements, such as the "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

JJD

| **STATEMENT** |
|---|

The present habeas petition appears to be timely filed in this Court. However, because Plaintiff is seeking additional state-court review, his habeas petition before this Court is dismissed with leave to reinstate within 30 days after the termination of proceedings in the Illinois state courts relating to his second/successive petition for post-conviction relief.

A dismissal with leave to reinstate upon conclusion of state proceedings is the equivalent of a stay; it does not act as a final judgment until the time for reinstatement is past. *Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006) (citing *Baltimore and Ohio Chicago Terminal R.R. Co. v. Wisconsin Central Ltd*, 154 F.3d 404, 407-08 (7th Cir. 1998), and teaching that a dismissal with leave to reinstate "has the effect of a stay and does not act as a final judgment until the time specified by the court for reinstatement has expired"). This procedure (1) allows a petitioner to fully exhaust state remedies; (2) furthers the goal of prudent expenditure of limited federal judicial resources (for example, Petitioner's request for federal intervention may be mooted if the state court grants relief in the pending post-conviction proceedings); and (3) preserves the petitioner's filing date for limitations purposes. It is useful in habeas cases where it appears that the one-year limitations period under 28 U.S.C. §2244(d) may not be tolled while the petitioner pursues state remedies. *See Woods v. Gillespie*, 26 F. Supp.2d 1093 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F. Supp. 1247 (N.D. Ill. 1997).

Based on the above, Petitioner's motion for leave to proceed *in forma pauperis* is denied without prejudice. Petitioner's motion for stay in abeyance is denied. Petitioner's habeas petition is dismissed without prejudice. Petitioner may file a motion for reinstatement, with an amended habeas petition and motion for leave to proceed *in forma pauperis*, within thirty (30) days after the termination of proceedings in the Illinois state courts relating to his second/successive petition for post-conviction relief. Petitioner should file his motion to reinstate, amended habeas petition and motion for leave to proceed *in forma pauperis* under this case number (10 C 3291) rather than filing a new case. Petitioner is admonished that if he fails to file a second/successive petition for post-conviction relief, he must timely seek reinstatement of this case before the running of the statute of limitations.